# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PRESTON JAKES,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00599-APG-GWF

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7) and respondents' motion to dismiss (ECF No. 15). The court finds that petitioner has not exhausted his available state-court remedies for all his grounds for relief. The court grants respondents' motion in part.

    Petitioner was charged with three counts of sexual assault with a minor under fourteen years of age, one count of attempted sexual assault with a minor under fourteen years of age, and three counts of lewdness with a child under the age of fourteen. Ex. 2 (ECF No. 16-2). Petitioner agreed to plead guilty to one count of attempted sexual assault, without the aggravating circumstance of the victim's age. Ex. 10 (ECF No. 16-10). On July 30, 2013, the state district court convicted petitioner accordingly. Ex. 13 (ECF No. 16-13). Petitioner did not appeal the judgment of conviction.

    On July 29, 2014, petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 17 (ECF No. 16-17). The state district court denied the petition on November 3,

2014. Ex. 32 (ECF No. 17-6). Petitioner appealed. The Nevada Court of Appeals affirmed on March 17, 2015. Ex. 46 (ECF No. 17-20).

On March 29, 2015, petitioner mailed his federal petition (ECF No. 7) to this court. Respondents filed their motion to dismiss (ECF No. 15). Petitioner has not filed a response to the motion.

Respondents first argue that parts of grounds 1 and 2 are not exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Respondents divide both ground 1 and ground 2 into discrete claims. The court does the same. Ground 1 contains two claims of ineffective assistance of counsel:

    1[a].    Counsel did not investigate the case; and

    1[b].    Counsel scared petitioner into accepting the plea offer by telling petitioner that he would receive a sentence of life imprisonment with eligibility for parole starting after 35 years. Petitioner alleges that this was cruel and unusual punishment by counsel.

Respondents correctly argue that petitioner did not present a cruel-and-unusual-punishment claim to the state courts. Ground 1[b] is not exhausted.

Ground 2 contains six claims:

    2[a].    Counsel provided ineffective assistance because of a conflict of interest: He had been a prosecutor who prosecuted sexual offenses. Consequently, counsel negotiated the worst possible plea bargain;

    2[b].    Counsel was ineffective because he did not try to replace Judge Douglas Herndon, who also had prosecuted sexual offenses;

    2[c].    Petitioner was prejudiced by the state district court because that court assigned a counsel who used to be a prosecutor who prosecuted sexual offenses;

    2[d].    Petitioner was prejudiced by the state district court because Judge Herndon and attorney Bill Berrett had worked together in the District Attorney's office;

    2[e].    Violations of due process, equal protection, and the prohibition against cruel and unusual punishments; and

2[f].   Counsel was deliberately indifferent because, although he knew that no evidence existed against petitioner, he still coerced petitioner into signing a plea deal by threatening that petitioner would spend 35 years to life in prison if he did not plead guilty

Respondents argue correctly that petitioner has not presented grounds 2[c] through 2[f] to the state courts.  Grounds 2[c] through 2[f] are not exhausted.

Respondents next argue that all three grounds for relief 2 are conclusory.  The argument is moot with respect to grounds 1[b] and 2[c] through 2[f] because those grounds are not exhausted.  Petitioner will need to decide what to do with those grounds first.  As for grounds 1[a], 2[a], 2[b], and 3, the Nevada Court of Appeals ruled on those claims on their merits.  This court will have sufficient information to determine whether those determinations were contrary to, or unreasonable applications of, clearly established federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d)(1).

The petition (ECF No. 7) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily dismiss the unexhausted grounds 1[b], 2[c], 2[d], 2[e], and 2[f], and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1[b], 2[c], 2[d], 2[e], and 2[f], or he may move to stay this action while he returns to state court to exhaust grounds 1[b], 2[c], 2[d], 2[e], and 2[f].  If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition.  If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  If petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action.  Otherwise, the court will dismiss the action.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 15) is **GRANTED** in part with respect to grounds 1[b], 2[c], 2[d], 2[e], and 2[f].

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes to dismiss grounds 1[b], 2[c], 2[d], 2[e], and 2[f] of his petition (ECF No. 7), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss this action to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1[b], 2[c], 2[d], 2[e], and 2[f] of his petition (ECF No. 7), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 1[b], 2[c], 2[d], 2[e], and 2[f] of his petition (ECF No. 7).  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 7) and proceed on the remaining grounds, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds.  Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED:   July 1, 2016.

_____
ANDREW P. GORDON
United States District Judge